**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| LIFEPORT SCIENCES LLC, and LIFESCREEN SCIENCES LLC, | ) | |
| Plaintiffs, | ) | C.A. No. 13-128-GMS |
| v. | ) | **JURY TRIAL DEMANDED** |
| COOK INCORPORATED and COOK MEDICAL INCORPORATED, | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

Defendants Cook Incorporated and Cook Medical Incorporated (collectively "Defendants") hereby respond to the allegations in the Complaint of Plaintiffs LifePort Sciences LLC and LifeScreen Sciences LLC (collectively "Plaintiffs"), as follows. Except as otherwise specifically admitted, qualified, or denied herein, all allegations of the Complaint are denied.

1. Plaintiffs LifePort Sciences LLC ("LifePort") and LifeScreen Sciences LLC ("LifeScreen")(collectively, Plaintiffs"), for their Complaint against Defendants Cook Incorporated ("Cook Inc.") and Cook Medical Incorporated, ("Cook Medical") (collectively, "Cook" or the "Defendants") hereby alleges as follows"

**DEFENDANTS' RESPONSE**: Defendants admit that Plaintiffs filed a Complaint against Defendants. Defendants deny any remaining allegations.

**PARTIES**

2. Plaintiff LifePort is a Texas Limited Liability Company with its principal place of business at 6136 Frisco Square Blvd., Suite 385, Frisco, TX 75034.

**DEFENDANTS' RESPONSE:** Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations, and therefore deny the same.

3. Plaintiff LifeScreen is a Texas Limited Liability Company with its principal place of business at 6136 Frisco Square Blvd., Suite 385, Frisco, TX 75034.

**DEFENDANTS' RESPONSE:** Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations, and therefore deny the same.

4. Defendant Cook Inc., is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business located at 750 Daniels Way, Bloomington, IN 47402.

**DEFENDANTS' RESPONSE:** Admitted.

5. Defendant Cook Medical, is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business located at 1025 West Acuff Road, Bloomington, IN 47403.

**DEFENDANTS' RESPONSE:** Admitted.

6. Defendants are in the business of developing, manufacturing, and selling medical devices. Such devices include, but are not limited to, endovascular stents, grafts, vena cava filters, and delivery systems.

**DEFENDANTS' RESPONSE:** Defendant Cook Incorporated admits that it develops and manufactures medical devices. Defendant Cook Medical Incorporated admits that it sells medical devices. Defendants deny any remaining allegations.

## NATURE OF THE ACTION

7. This is a civil action for the infringement of United States Patent No. 5,562,728 (the "'728 Patent") (attached as Exhibit A) entitled "Endovascular Grafting Apparatus, System and Method and Devices for Use Therewith," United States Patent No. 5,489,295 (the "'295 Patent") (attached as Exhibit B) entitled "Endovascular Graft Having Bifurcation and Apparatus and Method for Deploying the Same," United States Patent No. 5,993,481 (the "'481 Patent") (attached as Exhibit C) entitled "Modular Bifurcated Intraluminal Grafts and Methods for Delivering and Assembling Same," United States Patent No. 5,676,696 (the "'696 Patent") (attached as Exhibit D) entitled "Modular Bifurcated Intraluminal Grafts and Methods for Delivering and Assembling Same," United States Patent No. 6,030,414 (the "'414 Patent") (attached as Exhibit E) entitled "Variable Stent and Method for Treatment of Arterial Disease," United States Patent No. 7,147,662 (the "'662 Patent") (attached as Exhibit F) entitled "Hook for Attaching to a Corporeal Lumen and Method of Manufacturing," and United States Patent No. 6,126,673 (the "'673 Patent") (attached as Exhibit G) entitled "Vena Cava Filter" (collectively, the "Patents-in-Suit") under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

**DEFENDANTS' RESPONSE:** On March 12, 2013, the parties filed a stipulation dismissing with prejudice Counts I-IV and VI of Plaintiff's Complaint. (D.I. 7.) Accordingly, no response is required concerning the '728, '295, '481, '696, and '662 Patents. Otherwise, Defendants admit that this is a civil action for the infringement of the '414 and '673 Patents.

8. Plaintiff LifePort is the lawful assignee of all right, title and interest in and to the '728, '295, '481, '696, '414, and '662 Patents.

**DEFENDANTS' RESPONSE:** On March 12, 2013, the parties filed a stipulation dismissing with prejudice Counts I-IV and VI of Plaintiff's Complaint. (D.I. 7.) Accordingly, no response is required concerning the '728, '295, '481, '696, and '662 Patents. With respect to the '414 Patent, Defendants are without sufficient information or knowledge to form a belief as to the truth of these allegation, and therefore deny them.

9. Plaintiff LifeScreen is the lawful assignee of all right, title and interest in and to the '673 Patent.

**DEFENDANTS' RESPONSE:** Defendants are without sufficient information or knowledge to form a belief as to the truth of these allegations, and therefore deny them.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction over the subject matter of this Complaint under 28 U.S.C. § 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271, *et seq*.

**DEFENDANTS' RESPONSE**: Admitted.

11. Upon information and belief, the Defendants are subject to personal jurisdiction by this Court. The Defendants have committed such purposeful acts and/or transactions in the State of Delaware that they reasonably knew and/or expected that they could be haled into a Delaware court as a future consequence of such activity.

**DEFENDANTS' RESPONSE:** For purposes of this action only, Defendants do not contest personal jurisdiction. Defendants deny any remaining allegations.

12. Venue in this district is proper under 28 U.S.C. §§ 1400(b) and 1391(b) and (c), because the Defendants are subject to personal jurisdiction in this district and have committed acts of infringement in this district. The Defendants make, use, and/or sell infringing products within the District of Delaware, have a continuing presence within the District of Delaware, and have the requisite minimum contacts with the District of Delaware such that this venue is a fair and reasonable one. Upon information and belief, the Defendants have transacted and, at the time of the filing of this Complaint, are continuing to transact business within the District of Delaware.

**DEFENDANTS' RESPONSE:** For purposes of this action only, Defendants do not contest personal jurisdiction. Defendants deny the remaining allegations, noting that this case could have been brought in the Southern District of Indiana. In addition, Defendants contend that the balance of private and public interest factors weighs in favor of transferring this case to the Southern District of Indiana. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995).

## COUNT I
## (LifePort's Allegations Concerning The '728 Patent)

**DEFENDANTS' RESPONSE TO PARAGRAPHS 13-20:** On March 12, 2013, the parties filed a stipulation dismissing with prejudice this Count I. (D.I. 7.) Accordingly, no response is required concerning paragraphs 13-20.

## COUNT II
## (LifePort's Allegations Concerning The '295 Patent)

**DEFENDANTS' RESPONSE TO PARAGRAPHS 21-28:** On March 12, 2013, the parties filed a stipulation dismissing with prejudice this Count II. (D.I. 7.) Accordingly, no response is required concerning paragraphs 21-28.

**COUNT III**
**(LifePort's Allegations Concerning The '481 Patent)**

**DEFENDANTS' RESPONSE TO PARAGRAPHS 29-36:** On March 12, 2013, the parties filed a stipulation dismissing with prejudice this Count III. (D.I. 7.) Accordingly, no response is required concerning paragraphs 29-36.

**COUNT IV**
**(LifePort's Allegations Concerning The '696 Patent)**

**DEFENDANTS' RESPONSE TO PARAGRAPHS 37-44:** On March 12, 2013, the parties filed a stipulation dismissing with prejudice this Count IV. (D.I. 7.) Accordingly, no response is required concerning paragraphs 37-44.

**COUNT V**
**(LifePort's Allegations Concerning The '414 Patent)**

45. Paragraphs 1 through 44 are incorporated by reference as if fully restated herein.

**DEFENDANTS' RESPONSE:** Defendants repeat and reallege every response set forth to paragraphs 1 through 44 of Plaintiffs' Complaint.

46. Plaintiff LifePort is the assignee and lawful owner of all right, title and interest in and to the '414 Patent.

**DEFENDANTS' RESPONSE:** Defendants are without sufficient information or knowledge to form a belief as to the truth of these allegations and therefore deny them.

47. The Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, or which employ systems, components and/or processes that make use of systems or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '414 Patent. Such devices are medical devices, including but not limited to endovascular grafts and delivery systems, such as, but not limited to Cook's Zenith® endovascular graft products, various accessories for Cook's Zenith® endovascular graft products, and other similar devices, including but not limited to Cook's Zenith Fenestrated®.

**DEFENDANTS' RESPONSE:** Denied.

48. The Defendants actively, knowingly, and intentionally induced, and continue to actively, knowingly, and intentionally induce, infringement of the ’414 Patent by making, using, offering for sale, importing, and selling infringing medical devices, as well as by contracting with others to use, market, sell, offer to sell, and import infringing medical devices, all with knowledge of the ’414 Patent and its claims; with knowledge that their customers and end users will use, market, sell, offer to sell, and import infringing medical devices; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of infringing medical devices through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

**DEFENDANTS’ RESPONSE:** Denied.

49. The Defendants have also contributed to the infringement by others, including the end users of infringing medical devices, and continue to contribute to infringement by others, by selling, offering to sell, and importing the infringing medical devices into the United States, knowing that those products constitute a material part of the inventions of the ’414 Patent, knowing those products to be especially made or adapted to infringe the ’414 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

**DEFENDANTS’ RESPONSE:** Denied.

50. The Defendants have had knowledge of and notice of the ’414 Patent and their infringement since at least, and through, the filing and service of the Complaint. Moreover, by way of prosecution of patent applications assigned to one or more of the Defendants, the Defendants had notice of the ’414 Patent prior to the filing of the Complaint. Despite this knowledge and notice, the Defendants continue to commit tortious conduct by way of patent infringement. Accordingly, the Defendants have willfully infringed the ’414 Patent.

**DEFENDANTS’ RESPONSE:** Defendants have had knowledge and notice of the ’414 Patent since at least the filing and service of the Complaint. Defendants deny any remaining allegations.

51. The Defendants have been and continue to be infringing one or more of the claims of the ’414 Patent through the aforesaid acts.

**DEFENDANTS’ RESPONSE:** Denied.

52. Plaintiff LifePort is entitled to recover damages adequate to compensate for the infringement, including enhanced damages for the Defendants’ willful infringement.

**DEFENDANTS’ RESPONSE:** Denied.

**COUNT VI**
**(LifePort's Allegations Concerning The '662 Patent)**

**DEFENDANTS' RESPONSE TO PARAGRAPHS 53-60:** On March 12, 2013, the parties filed a stipulation dismissing with prejudice this Count VI. (D.I. 7) Accordingly, no response is required concerning paragraphs 53-60.

**COUNT VII**
**(LifeScreen's Allegations Concerning The '673 Patent)**

61. Paragraphs 1 through 60 are incorporated by reference as if fully restated herein.

**DEFENDANTS' RESPONSE:** Defendants repeat and reallege every response set forth to paragraphs 1 through 60 of Plaintiffs' Complaint.

62. Plaintiff LifeScreen is the assignee and lawful owner of all right, title and interest in and to the '673 Patent.

**DEFENDANTS' RESPONSE:** Defendants are without sufficient information or knowledge to form a belief as to the truth of these allegations and therefore deny them.

63. The Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, or which employ systems, components and/or processes that make use of systems or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '673 Patent. Such devices are medical devices, including but not limited to vena cava filters and delivery systems, such as, but not limited to Cook's Celect® vena cava filter, various accessories for Cook's Celect® vena cava filter, and other similar devices.

**DEFENDANTS' RESPONSE:** Denied.

64. The Defendants actively, knowingly, and intentionally induced, and continue to actively, knowingly, and intentionally induce, infringement of the '673 Patent by making, using, offering for sale, importing, and selling infringing medical devices, as well as by contracting with others to use, market, sell, offer to sell, and import infringing medical devices, all with knowledge of the '673 Patent and its claims; with knowledge that their customers and end users will use, market, sell, offer to sell, and import infringing medical devices; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of infringing medical devices through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

**DEFENDANTS' RESPONSE:** Denied.

65. The Defendants have also contributed to the infringement by others, including the end users of infringing medical devices, and continue to contribute to infringement by others, by selling, offering to sell, and importing the infringing medical devices into the United States, knowing that those products constitute a material part of the inventions of the '673 Patent, knowing those products to be especially made or adapted to infringe the '673 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

**DEFENDANTS' RESPONSE:** Denied.

66. The Defendants have had knowledge of and notice of the '673 Patent and their infringement since at least, and through, the filing and service of the Complaint. Moreover, by way of prosecution of patent applications assigned to one or more of the Defendants, the Defendants had notice of the '673 Patent prior to the filing of the Complaint. Despite this knowledge and notice, the Defendants continue to commit tortious conduct by way of patent infringement. Accordingly, the Defendants have willfully infringed the '673 Patent.

**DEFENDANTS' RESPONSE:** Defendants have had knowledge and notice of the '673 Patent since at least the filing and service of the Complaint. Defendants deny any remaining allegations.

67. The Defendants have been and continue to be infringing one or more of the claims of the '673 Patent through the aforesaid acts.

**DEFENDANTS' RESPONSE:** Denied.

68. Plaintiff LifeScreen is entitled to recover damages adequate to compensate for the infringement, including enhanced damages for the Defendants' willful infringement.

**DEFENDANTS' RESPONSE:** Denied.

## ANSWER TO PLAINTIFFS' PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any relief, alleged or otherwise, and specifically deny each allegation and request for relief in paragraphs (a) through (i) of Plaintiffs' Prayer for Relief.

**DEFENSES**

Without altering the burden of proof, Defendants assert the following defenses.

**FIRST DEFENSE**
**(Lack Of Standing)**

1. Upon information and belief, Plaintiffs lack standing to bring this action.

**SECOND DEFENSE**
**(Laches)**

2. Plaintiffs' claim for damages is barred in whole or in part based upon the doctrine of laches.

**THIRD DEFENSE**
**(Non-Infringement Of The '414 Patent)**

3. Defendants do not infringe and have not infringed, either directly or indirectly, do not and have not induced infringement, and do not and have not contributed to the infringement of, any claim of the '414 Patent, either literally or under the doctrine of equivalents.

**FOURTH DEFENSE**
**(Non-Infringement Of The '673 Patent)**

4. Defendants do not infringe and have not infringed, either directly or indirectly, do not and have not induced infringement, and do not and have not contributed to the infringement of, any claim of the '673 Patent, either literally or under the doctrine of equivalents.

**FIFTH DEFENSE**
**(Invalidity Of The '414 Patent)**

5. The claims of the '414 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of Title 35 of the U.S. Code, including, but not limited to, Sections 102, 103, and/or 112.

**SIXTH DEFENSE**
**(Invalidity Of The ’673 Patent)**

6. The claims of the ’673 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of Title 35 of the U.S. Code, including, but not limited to, Sections 102, 103, and/or 112.

**SEVENTH DEFENSE**
**(Prosecution History Estoppel and Disclaimer)**

7. On information and belief, the claims of the ’414 and ’673 Patents are and were limited by amendment, by the prior art, and/or by the statements made during their prosecution before the U.S. Patent & Trademark Office, such that Plaintiffs are now estopped and otherwise precluded from maintaining that such claims are of sufficient scope to cover Defendants’ accused products, either literally or under the doctrine of equivalents.

**EIGHTH DEFENSE**
**(Limitation On Damages)**

8. Plaintiffs are barred, in whole or in part, from obtaining the relief they seek by operation of the applicable statutes, which limit damages and other relief, including but not limited to 35 U.S.C. §§ 286 and 287, as well as any judicial doctrine limiting damages and/or other relief.

**NINTH DEFENSE**
**(No Equitable Relief)**

9. To the extent Plaintiffs are entitled to any remedy whatsoever, Plaintiffs have an adequate remedy at law and no basis exists for the grant of equitable relief.

**TENTH DEFENSE**
**(Failure To State A Claim)**

10. The Complaint fails to state a claim upon which relief can be granted.

**ELEVENTH DEFENSE**
**(Improper Venue)**

11. Venue is improper under 28 U.S.C. §§ 1400(b) and 1391 (b) and (c), as neither Defendant resides, or has a regular and established place of business in Delaware; Delaware is not a judicial district in which a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred, or a substantial part of property that is the subject of this action is situated; and there is another district in which venue would have been proper.

**RESERVATION OF DEFENSES**

12. To the extent not already pled, Defendants reserve their right to add additional defenses pending further investigation and discovery.

**DEFENDANTS' PRAYER FOR RELIEF**

13. WHEREFORE, Defendants pray for relief as follows:

A. That the Court enter judgment in favor of Defendants and against Plaintiffs on claims V and VII in the Complaint;

B. That Plaintiffs' claims be dismissed in their entirety, with prejudice;

C. That Plaintiffs take nothing by way of their claims;

D. That this case be determined exceptional within the meaning of 35 U.S.C. § 285;

E. That Defendants be awarded their costs of suit, including attorneys' fees, incurred in defense of this action; and

F. That the Court award Defendants other such relief as is just and proper.

**DEMAND FOR JURY TRIAL**

14. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants hereby demand a trial by jury as to all issues so triable.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Hercules Plaza 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendants Cook Incorporated and Cook Medical Incorporated*

OF COUNSEL:

Dominic P. Zanfardino
Jason W. Schigelone
Angela K. Hsieh
BRINKS HOFER GILSON & LIONE
NBC Tower, Suite 3600
455 N. Cityfront Plaza Drive
Chicago, IL 60611
Tel: (312) 321-4200

Dated: March 15, 2013
1098595 / 39841

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on March 15, 2013, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on March 15, 2013, the attached document was Electronically Mailed to the following person(s):

Joseph J. Farnan, III
Brian E. Farnan
919 North Market Street, 12th Floor
Wilmington, DE 19801
jfarnan@farnanlaw.com
bfarnan@farnanlaw.com

Martin J. Black
Kevin M. Flannery
Joseph R. Heffern
Dechert LLP
Cira Centre 2929 Arch Street
Philadelphia, PA 19104
martin.black@dechert.com
kevin.flannery@dechert.com
joseph.heffern@dechert.com

By: */s/ David E. Moore*

Richard L. Horwitz
David E. Moore
Bindu A. Palapura
POTTER ANDERSON & CORROON LLP
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

1098619/39841